UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv60970

JOANNE SAGET,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                                          **COMPLAINT – CLASS ACTION**

ARSTRAT COLLECTIONS, LLC,

    Defendants.

_____/

**CLASS ACTION
FIRST AMENDED COMPLAINT AND JURY DEMAND**

On behalf of the putative class, Plaintiff JOANNE SAGET ("Plaintiff"), seeks redress for the unlawful conduct of Defendant ARSTRAT COLLECTIONS, LLC. ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby such letters violate § 1692e, § 1692f and § 1692g of the FDCPA.

**INTRODUCTION**

1.    The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2.    "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card

Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3.    As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to Florida consumers in an attempt to collect consumer debts while misleading consumers with regards to their statutory rights to request the name of the original and current creditor of alleged debts. Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA over the punitive class timeframe set forth herein.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

5.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within this District.

## DEMAND FOR JURY TRIAL

6.    Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

7.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8.    Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

9. Defendant is a Nevada Corporation, with its principal place of business located in Houston, Texas.

10. Defendant is a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

11. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

12. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the current creditor for rendition of medical services on March 29, 2016.

14. The current creditor of the Consumer Debt is Quest Diagnostics (the "Current Creditor").

15. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

16. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

17. Defendant is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C §1692a(6).

18. On or about April 15, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

19. As shown in the excerpt below, in the Collection Letter, Defendant makes the following statements:

> **IMPORTANT NOTIFICATION**
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original, if different from the current creditor.

*Excerpt from* Exhibit A-<u>Collection Letter</u>.

20. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, *inter alia*, that:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) *a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

21. In the last sentence of the excerpt depicted above from the Collection Letter, Defendant omits material language that it is required to include pursuant to the FDCPA. Defendant has a duty to adequately advises Plaintiff and members of the class of their rights under § 1692g of the FDCPA.

22. Here, in the Collection Letter, Defendant states: "if you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of *the original*, if different from the current creditor." Defendant failed to inform Plaintiff and members of the class that its office would provide Plaintiff and class members with the name and address of the "*original creditor*." *See* 15 U.S.C § 1692g(a)(5).

## CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of the following class, *to wit*, the "**Faulty Disclosure Class**"

24. The "**Faulty Disclosure Class**" consists of:

> (i) all persons with Florida addresses (ii) who were sent a letter (iii) between April 28, 2017 and April 28, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and Defendant omitted the term "creditor" in their attempt to convey the rights of consumers pursuant to § 1692g(a)(5).

25. Plaintiff alleges on information and belief that the "Faulty Disclosure Class" is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to addresses in Florida attempting to collect debts with the same deceptive language at issue here.

A.     *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

26.    Common questions of law and fact exist as to the class and predominate over any issues involving only individual class members.

27. With respect to the **Faulty Disclosure Class**:

    **a.**    The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

    **b.**    The *principal legal issue* of the class is whether Defendant violated 15 U.S.C. § 1692e and/or § 1692g by failing to provide a complete disclosure of Plaintiff's rights as required to do under § 1692g(a)(5).

28.    Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B.     *TYPICALITY*

29.    Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C.     *ADEQUACY*

30.    Plaintiff is an adequate representative of the proposed class.

31.    Plaintiff will fairly and adequately protect the interests of the class.

32.    Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D. *PREDOMINANCE AND SUPERIORITY*

33. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e, § 1692g(b) and § 1692g(a)(5)**

35. Plaintiff incorporates by reference paragraphs 13-22 of this Complaint as though fully stated herein.

36. Pursuant to § 1692g(a)(5) of the FDCPA, Defendant must provide Plaintiff with "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the *original creditor*, if different from the current creditor."  Further, the FDCPA mandates that: "[a]ny collection activities and communication during the 30-day period may not overshadow *or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor*." 15 U.S.C. § 1692g(b).

37. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

38. "[T]he broad prohibitions of § 1692e apply to a debt collector's false, deceptive, or *misleading representation or means* used *in connection with the collection of any debt* [and] [t]he broad prohibitions of § 1692f apply to a debt collector's use of unfair or unconscionable *means to collect or attempt to collect any debt.*" 15 U.S.C. § 1692f. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014) (emphasis original). Moreover, "[t]he use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or *misleading*. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." Bourff v. Rubin Lublin, L.L.C., 674 F.3d 1238 (11th Cir. 2012).

39. Here, the Collection Letter's omits required statutory language. As such, a false and misleading statement was made due to the omission. The omission violated § 1692g(b) since it causes the required disclosure to be "inconsistent with the disclosure of the consumer's rights," as guaranteed by § 1692g(a)(5). Accordingly, Defendant has, by misconstruing Plaintiff and class member's rights, violated § 1692e, § 1692g(a)(5), and § 1692g(b) of the FDCPA.

WHEREFORE, Plaintiff, individually and on behalf of the Faulty Disclosure Class, request that the Court enter judgment in favor of Plaintiff and the Faulty Disclosure Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

  (3) Such other or further relief this Court deem proper.

      DATED: April 29, 2018

        Respectfully Submitted,

         /s/ Jibrael S. Hindi     .
        **JIBRAEL S. HINDI, ESQ.**
        Florida Bar No.: 118259
        E-mail: jibrael@jibraellaw.com
        THE LAW OFFICES OF JIBRAEL S. HINDI
        110 SE 6th Street, Suite 1744
        Fort Lauderdale, Florida 33301
        Phone: 954-907-1136
        Fax: 855-529-9540

        *COUNSEL FOR PLAINTIFF*